# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**MICHAEL ANTHONY LORUSSO,**
**D.O.C. # 345454,**

    **Plaintiff,**

vs.                                           Case No. 4:23cv34-WS-MAF

**GOVERNOR RON DESANTIS,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, proceeding pro se, initiated this case by submitting a "copy of order," ECF No. 1, with attached newspaper clippings. In an abundance of caution, the Clerk's Office opened this case for Plaintiff, and an Order was entered by the undersigned advising Plaintiff that pursuant to Federal Rule of Civil Procedure 3, "[a] civil action is commenced by filing a complaint with the court." ECF No. 3 (citing Fed. R. Civ. P. 3).

    Plaintiff has now submitted a complaint, ECF No. 4, a motion requesting leave to proceed in forma pauperis, ECF No. 5, and a document in which Plaintiff contends he faces "imminent physical serious harm." ECF

No. 6.  Plaintiff acknowledges within his complaint that he has three strikes from "numerous cases," although he does not identify them.  ECF No. 4 at 9.  He contends that this is an imminent harm exception under 28 U.S.C. § 1915(g) and Plaintiff wants to expose Governor "Ron DeSantis for what he is . . . a bully."  ECF No. 4.  Plaintiff's complaint alleges that Governor DeSantis has personally violated his First Amendment rights to free speech and access to the courts.  *Id.* at 5.

First things first.  Plaintiff's in forma pauperis motion has been reviewed.  ECF No. 5.  Plaintiff did not submit account statements showing a six month period of time.  Instead, Plaintiff provided only an account statement for the month of December 2022.  *Id.*  Nevertheless, that statement reveals Plaintiff has a zero account balance and, presumably, has over five thousand dollars in liens against his account.  *Id.* at 4-11.

Second, although Plaintiff did not provide case numbers for those cases which were previously dismissed as frivolous, malicious, or for failing to state a claim upon which relief can be granted, the Court takes judicial notice of several of Plaintiff's cases which demonstrate that he is a serial filer of lawsuits across the country.  Each of these cases were dismissed

either for one of the listed reasons in § 1915(g), or because Plaintiff was found to be a "three striker" under that statute:

- <u>LoRusso v Ga. Dep't of Corr.</u>, case # 1:03cv190, dismissed as frivolous on December 30, 2003, from M.D. of Georgia

- <u>LoRusso v Johnson</u>, et al., case # 8:20cv1779, dismissed for failure to state a claim on May 27, 2021, from M.D. of Florida

- <u>LoRusso v Brooks</u>, case # 2:22cv260, dismissed on May 17, 2022, pursuant to § 1915(g) in the N.D. of Alabama

- <u>LoRusso v Jones</u>, case # 3:22cv01129, dismissed on January 30, 2023, pursuant to § 1915(g) in the District of Connecticut

- <u>LoRusso v Moab Utah Police</u>, case # 4:22cv090, dismissed on February 10, 2023, pursuant to § 1915(g) in the Utah District Court

- <u>LoRusso v Gohmert</u>, case # 3:22cv01504, dismissed on October 28, 2022, pursuant to § 1915(g) in the N.D. of Texas

- <u>LoRusso v Trump</u>, case # 1:22cv06856, dismissed on December 28, 2022, pursuant to § 1915(g) in the E.D. of New York

- <u>LoRusso v Paul</u>, case # 5:22cv00260, dismissed as frivolous on October 12, 2022, from E.D. of Kentucky

- <u>LoRusso v Hawley</u>, case # 4:22cv448, dismissed on October 11, 2022, pursuant to § 1915(g) in the E.D. of Missouri

- <u>LoRusso v DeSantis</u>, case # 3:23cv135, dismissed on March 2, 2023, pursuant to § 1915(g) in the W.D. of North Carolina

Those cases sufficiently show that Plaintiff Michael Anthony LoRusso, D.O.C. # 345454, is not entitled to in forma pauperis status

unless his complaint presents sufficient factual allegations to show that Plaintiff is facing "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff's recent complaint, ECF No. 4, and additional submission, ECF No. 6, make an assertion of imminent danger, but Plaintiff does not allege facts to support that claim. Plaintiff is not physically located with the Governor and he has not alleged facts which demonstrate that he is on the Governor's "hit list" and will be subject to physical injury in the future. Plaintiff's allegations are conclusory and are insufficient to proceed.

Thus, Plaintiff is not entitled to proceed with in forma pauperis status in this case. This case should be dismissed without prejudice because Plaintiff did not submit the filing fee at the same time the complaint was submitted, and Plaintiff is not entitled to belatedly pay the filing fee. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates the suit). "The prisoner cannot simply pay the filing fee after being denied in forma pauperis status." *Id.*

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice** to Plaintiff's refiling the action if Plaintiff simultaneously submits the $402.00 filing fee.  It is also **RECOMMENDED** that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on March 20, 2023.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:23cv34-WS-MAF